UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                 Case No. 24-48046

COREY ANDERSON, *pro se*,                    Chapter 13

                Debtor.                              Judge Thomas J. Tucker

_____/

**ORDER GRANTING CREDITOR PARC LAFAYETTE ASSOCIATION'S MOTION TO CONFIRM THAT NO STAY IS IN EFFECT IN THIS CASE**

      This case is before the Court on the motion filed on August 22, 2024 by creditor Parc Lafayette Association ("PLA"), entitled "Motion for Order Confirming That No Stay is in Effect" (Docket # 8, the "Motion"). The Motion requests that this Court enter an order confirming that there is no automatic stay in effect in this case. The Court concludes that a hearing on the Motion is not necessary, and that the Motion must be granted, for the following reasons.

      Section 362(c)(4)(A) of the Bankruptcy Code provides:

> (4)(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), **the stay under subsection (a) shall not go into effect upon the filing of the later case**; and
>
> (ii) **on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect**[.]

11 U.S.C. § 362(c)(4)(A) (emphasis added).

      The Debtor in this Chapter 13 case is an individual who has had two cases pending within the previous year that were dismissed, and such cases were not cases "refiled under a chapter other than chapter 7 after dismissal under section 707(b)." The previous cases are:

- Case No. 23-50022 (Chapter 13 case), filed on November 15, 2023, and dismissed on November 30, 2023; and

- Case No. 24-43075 (Chapter 13 case), filed on March 28, 2024, and dismissed on April 12, 2024.

As a result, under § 362(c)(4)(A)(i), the automatic stay did not go into effect when the Debtor filed the current case, and under § 362(c)(4)(A)(ii), on the creditor's request, the Court now must "promptly enter an order confirming that no stay is in effect[.]" Accordingly,

IT IS ORDERED that:

1. The Motion (Docket #8) is granted.

2. There is no automatic stay under 11 U.S.C. § 362(a) in effect in this case.

**Signed on August 23, 2024**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**

2

24-48046-tjt    Doc 11    Filed 08/23/24    Entered 08/23/24 12:55:29    Page 2 of 2